Verna R. MUSICH, a.k.a. Crystal R. Musich, formerly Verna R. Yagow, Patricia L. Musich, Plaintiffs and Appellees,

v.

Morris YAGOW, a.k.a. Morris Allen Yagow, a.k.a. Morris A. Yagow, Defendant and Appellant,

A & R Living Trust, Mr. and Mrs. Alvin Yagow as Co–Trustees of A & R Trust, John Finstad, Myron Yagow, Steve Ellefson, Sharon Mohberg, a.k.a. Sharon J. Mohberg now known as Sharon Brekke, and Joyce Mohberg, a.k.a. Evelyn Joyce Mohberg, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants.

Civ. No. 910199.

Supreme Court of North Dakota.

Dec. 9, 1991.

Morris Yagow, pro se.

Wayne P. Jones, of Stetson & Jones, Lisbon, for plaintiffs and appellees.

LEVINE, Justice.

Morris Yagow appeals from a district court order denying his motion for a new trial. We affirm.

Morris purchased a parcel of land in North Dakota under contract for deed. Six years later, he quitclaimed his interest in the parcel to himself and his father, Alvin, as tenants in common. One month later, Morris filed for divorce in Colorado. Under Colorado law, upon the filing of a petition for dissolution of marriage, an automatic temporary injunction restrains both parties from transferring, encumbering, concealing or disposing of any marital property without the consent of the other party until a final decree is entered. Colo. Rev.Stat. § 14–10–107(4)(b)(I)(A) (1987). Yet, while the Yagow divorce action was proceeding, Morris and his father conveyed the North Dakota parcel to the "A & R Living Trust", of which they were co-trustees.

A divorce decree was granted and there ensued negotiations over property division and child custody. Without disclosing the prior assignment and quitclaim deed to himself and his father, and without disclosing the subsequent conveyance to the A & R Living Trust, Morris stipulated his interest in the North Dakota parcel to Verna Musich, his divorced spouse, in exchange for the parties' Colorado residence. Later, after Morris failed to comply with the divorce decree's requirement that he transfer the land to Verna, the Colorado court issued a deed to Verna.

Verna initiated this quiet-title action in North Dakota. Morris moved to dismiss pursuant to NDRCivP 12(b)(6). The district court denied Morris' motion and Morris appealed. This court dismissed the appeal because an order denying a motion to dismiss is nonappealable.

Morris' parents, Alvin and Ruth Yagow, acting pro se, also filed a motion to dismiss. That motion was resisted by Verna but was not decided by the district court and remained undecided on the day of trial.

Verna filed a note of issue and certificate of readiness stating that "[a]ll pretrial motions have been disposed of." Trial was scheduled. On the day before trial, Morris and his parents filed a certificate of nonreadiness and contested the statement in Verna's certificate of readiness that all pretrial motions were disposed of. They argued that the parents' motion to dismiss had not been disposed of.

Alvin and Ruth did not appear at trial. Morris appeared at trial pro se and was permitted to argue the merits of his parents' motion to dismiss. The district court denied the motion to dismiss and then went forward with the trial. The court concluded that Morris had fraudulently conveyed the land in question and that Morris and Alvin had no further interest in it. Morris moved for, and was denied, a new trial. Morris appealed. His parents did not.

On appeal, Morris argues that he was prejudiced by the district court's decision to hold the trial immediately after resolving Alvin and Ruth's motion to dismiss. He claims that he believed that the undecided motion would delay the trial because a hearing on the motion would have to be scheduled and the motion resolved before trial could occur. However, upon discovering his miscalculation of the effect of the outstanding motion, Morris made no motion for continuance. Nor did he make any persuasive arguments that the trial court unreasonably rejected.

We conclude that the trial court did not abuse its discretion in denying Morris' motion for a new trial. Accordingly, we affirm.

ERICKSTAD, C.J., VERNON R. PEDERSON, Surrogate Judge and VANCE WALLE and MESCHKE, JJ., concur.

 

VERNON R. PEDERSON, Surrogate Judge, sitting in place of GIERKE, J.

Justice H.F. GIERKE, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.